UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FERRY HOLDING CORPORATION, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) No. 4:11-MC-687 (CEJ) |
| GIS MARINE, LLC, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the plaintiff's motion to compel defendants GIS Marine, LLC, Grand Isle Shipyard, Inc., and Mark Pregeant to comply with third-party subpoenas issued in an arbitration proceeding between plaintiff and Stephen J. Williams.  The defendants oppose the motion to compel and have filed a motion to dismiss this action.  The reasons asserted by defendants in opposing the motion to compel are the same as those in the motion to dismiss.

I. **Background**

Plaintiff and Stephen J. Williams are currently involved in an arbitration proceeding brought pursuant to several contracts between plaintiff, Williams, and International Offshore Services, LLC (IOS), a company formerly controlled by Williams. In the underlying contracts, the parties agreed that any arbitration would be conducted in St. Louis, Missouri.  Thus, the arbitration was commenced in the St. Louis office of the American Arbitration Association.  Subsequently, the parties agreed that the hearing on the merits of the arbitration would be held in Washington, D.C.

On October 14, 2011, the arbitration panel issued third-party subpoenas to the defendants, requiring that they produce certain documents for inspection on November

4, 2011, in Baton Rouge, Louisiana. The defendants were served with the subpoenas, but they did not produce the requested documents.

Plaintiff brings this action to compel the defendant's compliance with the panel's subpoenas pursuant to Section 7 of the Federal Arbitration Act (FAA), 9 U.S.C. § 7. Plaintiff requests (1) that the Court authorize plaintiff's counsel to issue and sign subpoenas for the production of documents with the case caption and number of this action to the defendants, on behalf of the Eastern District of Louisiana; and (2) that the Court retain jurisdiction to enforce the subpoenas, if necessary.

## II.  Discussion

### Subject Matter Jurisdiction

Generally, the FAA does not provide an independent basis for federal jurisdiction. Vaden v. Discover Bank, 129 S.Ct. 1262, 1271 (2009) (The FAA "bestow[s] no federal jurisdiction but rather requir[es] [for access to a federal forum] an independent jurisdictional basis' over the parties' dispute." Id. (quoting Hall Street Associates, L.L.C. v. Mattel, Inc., 552 U.S. 576 (2008). Section 7 of the FAA, however, specifically states that, "upon petition the United States district court for the district in which such arbitrators, or a majority of them, are sitting may compel the attendance of such person or persons before said arbitrator or arbitrators, or punish said person or persons for contempt." 9 U.S.C. § 7. As such, this Court has subject matter jurisdiction over plaintiff's motion to compel so long as the arbitrators are "sitting" within the Eastern District of Missouri pursuant to 9 U.S.C. § 7. Hunter Engineering Co. v. Hennessy Industries, Inc., No. 4:08CV465, 2009 WL 3806377 at *2 (E.D. Mo. 2009) ("Under the plain language of the statute, [plaintiff] must file its motion to enforce the arbitrator-issued subpoena in the district where the arbitrator is sitting."); Gresham

v. Norris, 304 F.Supp.2d 795, 796 (E.D. Va. 2004) (holding same).

Here, the Court finds that the arbitration panel is sitting in this district under Section 7 of the FAA.  The arbitration agreement between plaintiff and Williams specifically provides that any arbitration proceeding is to be conducted in St. Louis. (Doc. #12-2).  In addition, the subpoenas issued by the Panel clearly state that they are issued from the St. Louis office of the American Arbitration Association. (Doc. #1-2).  Finally, plaintiff has previously obtained an order confirming a preliminary arbitration award in a separate proceeding before this Court.  See Ferry Holding Corp. v. Williams, No. 4:11-CV-01978-RWS, 2011 WL 5039917 (E.D. Mo. October 24, 2011) (confirming plaintiff's preliminary arbitration award; forum was not challenged). Although the final arbitration hearings are to take place in Washington, D.C., the Court finds this factor to be outweighed by the factors indicating that the panel is sitting in St. Louis for the purposes of Section 7.  9 U.S.C. § 7; see Hunter Engineering, 2009 WL 3806377 at *2 (relying on the location of the arbitration as set forth in the parties' arbitration agreement).

### Issuance of Subpoenas

Plaintiff asks that the Court enforce the arbitration panel's subpoenas by authorizing plaintiff's counsel to issue and sign subpoenas for the production of documents on behalf of the Eastern District of Louisiana.  See Fed. R. Civ. P. 45(a)(3)(B).  The following mechanism for enforcing an arbitrator-issued summons is set forth in 9 U.S.C. § 7:

> The arbitrators selected either as prescribed in this title or otherwise, or a majority of them, may summon in writing any person to attend before them or any of them as a witness and in a proper case to bring with him or them any book, record, document, or paper which may be deemed material as evidence in the case. The fees for such attendance shall be the same as the fees of witnesses before masters of the United States

> courts. Said summons shall issue in the name of the arbitrator or arbitrators, or a majority of them, and shall be signed by the arbitrators, or a majority of them, and shall be directed to the said person and shall be served in the same manner as subpoenas to appear and testify before the court; if any person or persons so summoned to testify shall refuse or neglect to obey said summons, upon petition the United States district court for the district in which such arbitrators, or a majority of them, are sitting may compel the attendance of such person or persons before said arbitrator or arbitrators, or punish said person or persons for contempt in the same manner provided by law for securing the attendance of witnesses or their punishment for neglect or refusal to attend in the courts of the United States.

Thus, Section 7 allows a district court to either (1) "compel the attendance of such person or persons before said arbitrators" or (2) "punish said person or persons for contempt in the same manner provided by law for securing the attendance of witnesses." Id. While Section 7 does not explicitly allow for pre-hearing discovery, the Eighth Circuit has held that "implicit in an arbitration panel's power to subpoena relevant documents for production at a hearing is the power to order the production of relevant documents for review by a party prior to the hearing." In re Security Life Ins. Co. of America, 228 F.3d 865, 870–71 (8th Cir. 2000).[1]

In Amgen Inc. v. Kidney Center of Delaware County, Ltd., 879 F.Supp. 878 (N.D. Ill. 1995), the plaintiff sought enforcement of a subpoena issued in an Illinois arbitration that directed the defendant to produce documents and give testimony at a deposition in Pennsylvania. The defendant argued that even if a district court in Illinois could enforce the arbitrator's subpoena, it could not compel the defendant to attend a deposition in Pennsylvania. The court disagreed:

> By enacting the FAA, Congress declared a national policy favoring arbitration. *Perry v. Thomas*, 482 U.S. 483, 107 S. Ct. 2520, 96 L.Ed.2d

---

[1]Courts in other circuits have rejected the holding in Security Life.  Cf. Life Receivables Trust v. Syndicate 102 at Lloyd's of London, 549 F.3d 210 (2nd Cir. 2008); Hay Group, Inc. v. E.B.S. Acquisition Corp., 360 F.3d 404 (3rd Cir. 2004).

-4-

> 426 (1987).  The arbitration of any action affecting interstate commerce is likely to involve parties and witnesses located in more than one district or state.  To find that the working of the FAA precludes issuance and enforcement of an arbitrator's subpoena of a witness outside the district in which he or she sits, particularly where, as here, such discovery is agreed upon by the parties to arbitration, would likely lead to rejection arbitration clauses altogether.  That would be contrary to the intent of Congress in enacting a national policy favoring arbitration.

Id. at 882

Recognizing that the court's power to enforce a subpoena under § 7 was limited by Rule 45(b)(2) of the Federal Rules of Civil Procedure, the court in Amgen prescribed use of the procedure set forth in Fed. R. Civ. P. 45(a)(3)(B).  Specifically, the district court in Illinois could direct the attorney for the plaintiff, as an officer of the court, to issue and sign a subpoena on behalf of the district court for the district of Pennsylvania in which the deposition was to be held.  Id. at 883.

The procedure described in Amgen is precisely the procedure plaintiff requests here.  Indeed, it appears to be the only means by which an arbitrator's subpoena may be enforced.  Moreover, the defendants will not be prejudiced in any way: the subpoenas will issue on behalf of the district court in Louisiana where the defendants are located and nothing in the procedure deprives the defendants of the opportunity to file a motion to quash.

The defendants' argument that the Court lacks personal jurisdiction over them is immaterial to plaintiff's request for authorization to issue subpoenas.  Personal jurisdiction is not implicated by subpoena enforcement pursuant to the Federal Rules of Civil Procedure.  See Hunter Engineering Co., 2009 WL 3806377 at *2.  Because plaintiff is only requesting that the Court allow its counsel to issue subpoenas in manner consistent with Fed. R. Civ. P. 45 (a)(3)(B), personal jurisdiction over defendants is not yet implicated.

After considering the parties' arguments and the federal policy favoring arbitration, the Court will allow plaintiff's counsel to issue and sign subpoenas for document production to the defendants on behalf of the district court for the Eastern District of Louisiana based on the procedure set forth in <u>Amgen</u>, 879 F.Supp. 878.

Additionally, the Court will grant plaintiff's request to retain jurisdiction over this matter to enforce any subpoenas issued on behalf of the Eastern District of Louisiana. This is, however, without prejudice to the defendants' assertion of a challenge to this Court's jurisdiction in the event that a motion to quash the subpoenas is filed by the defendants or a motion to enforce the subpoenas is filed by the plaintiff.

Accordingly, for the reasons set forth above,

**IT IS HEREBY ORDERED** that the plaintiff's motion to compel compliance with third-party subpoenas [Doc. # 1] is granted.

**IT IS FURTHER ORDERED** that counsel for plaintiff is authorized to issue and sign subpoenas directed to GIS Marine, LLC, Grand Isle Shipyard, Inc., and Mark Pregeant on behalf of the United States District Court for the Eastern District of Louisiana.

**IT IS FURTHER ORDERED** that the defendants' motions to dismiss [Doc. #5] and [Doc. #10] are **denied**.

**IT IS FURTHER ORDERED** that the Court retains jurisdiction of this case for the purpose of addressing issues relating to the subpoenas and their enforcement.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 11th day of January, 2012.